## Slack & Company v. Stoner-Thaw Company, Ltd.

*Costs—Witness fees—Parties to suit—Corporations—Officer.*

The allowance of witness fees to the president of a plaintiff corporation was refused on the ground that he was in court as the corporation, and as the policy of the law has always been averse to allowing witness fees to a party to a suit, to allow an executive officer of a corporation witness fees would be in effect preferring an artificial to a natural person.

Taxation of costs. County Court of Allegheny Co., 1921, No. A-429.

*Stonecipher & Ralston,* for plaintiff; *M. W. Stoner,* for defendant.

KENNEDY, P. J., April 3, 1922.—In this case the plaintiff, a foreign corporation, recovered a verdict against the defendant for $99.11, and has filed a bill of costs, which includes an item of $4 witness fees and $23.04 mileage from

2 D. & C.

Slack & Company *v.* Stoner-Thaw Company, Ltd.

Philadelphia for George L. Slack, the president of the plaintiff corporation, who was in court in charge of the plaintiff's case and as a necessary, and the only, witness for the plaintiff.

The defendant has excepted to the allowance of plaintiff's bill, alleging that George L. Slack is president of plaintiff corporation, and as such attended for the purpose of conducting this suit.

With a short opinion, an order of court was filed Feb. 23, 1922, sustaining the exceptions, and the matter now comes up on reargument, the plaintiff basing his reargument mainly upon the proposition that a witness is entitled to fees, whether or not he was summoned by a subpœna.

We were under the impression when the order of Feb. 23rd was made that the plaintiff was a domestic corporation. It appears, however, that it is a foreign corporation, though this matter is hardly material. Conceding that the summoning of a witness by a subpœna is not a prerequisite to his right to costs, yet the wording of section 14 of the Act of May 11, 1911, P. L. 198, 204, would seem to indicate that it is the spirit of the act creating the County Court to as much as possible prevent undue expense in the trial of causes.

Aside from all this, however, the policy of the law has always been averse to allowing witness fees to a party to a suit. Parties are necessarily present in court to attend to their own business and looking after their own interests. Their attendance is voluntary, and if allowed witness fees, the effect would be to make the successful party a witness in almost every cause, and would be equivalent to the allowance of a litigant's expenses in the form of mileage and daily pay as an inevitable incident of every trial.

The witness in this case comes in voluntarily to sustain the action of a corporation of which he is the highest executive officer. It is fair to assume that his attendance in court is peculiarly and specifically in the line of his official duties to look after the interests of his company.

The corporation could not act except through its officer, and payment of witness costs to him is payment to the corporation, for presumably he is not in attendance in court upon a case in which the corporation is plaintiff at his individual expense. Witness fees are taxed in favor of the plaintiff corporation and are not of the witness; they belong to the plaintiff.

Why should a corporation be exempt from the rule that a party may not collect fees for his attendance as a witness in his own case? For very obvious reasons there can be no exception to the rule. The corporation is a party, and what may be said against an individual collecting witness fees in his own case may be argued with equal force against a corporation. It is no more a hardship for the president of a corporation to come from Boston to Pittsburgh to testify in a case for the corporation than it would be for a private individual to come to testify in his own case. We are unable to see any distinction, and to permit the payment of witness fees by the defendant in this case would clearly be an exception to the general rule.

We are not to be understood as holding that in all cases executive officers of a corporation would not be entitled to witness fees. Every case must stand upon its own merits, but we are indicating, and a careful search of all the Pennsylvania cases has disclosed no reason to the contrary, that the executive or other officer of a corporation who appears in court in a representative capacity is *de facto* in court as the corporation and is not entitled to witness fees. To hold otherwise would be preferring an artificial to a natural person.

The order sustaining the exceptions is affirmed.

From Edwin L. Mattern, Pittsburgh, Pa.